The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: "When a vacancy exists and all wards still have a member residing therein, must one meet residency requirements, other than school district residency, in order to be eligible to fill the vacancy?" Title 70 O.S. 5-107 [70-5-107](A) (1978) (which has since been amended effective October 1, 1979) provided in pertinent part as follows: "In all school districts having one thousand (1,000) or more students in daily attendance, the members of the board of education shall be elected as follows: On or before September 30, 1973, and on or before September 30 of each year following the year of the Federal Decennial Census, it shall be the duty of the board of education to divide the territory of the school district into five (5) districts. Such districts shall be compact, contiguous and shall be as equal in population as may be practicable with not more than a ten percent (10%) variance between the most populous and least populous election districts. In making such division the board shall use the population reports of the United States Bureau of Census, and may use utility records, school membership records and any other current data which is competent to aid in determining the population of the school district and the location of such population, but shall not use voter registration records. Provided that if there is located in an independent school district a city having four or more wards and an outlying area, and such outlying area comprises no more than seven percent (7%) of the population of such independent school district, then such independent school district may adopt such wards and outlying area in lieu of the districts hereinbefore mentioned; and at least one member of the board of education of such independent school district shall be a member of each ward." (Emphasis added) The question asked has application to only one type of factual situation. Under the provision above emphasized, a school district having more than $1,000 students and encompassing a municipality divided into either four or five wards may adopt those wards as the school districts board member election districts so long as the outlying area does not contain more than 7% of the total school district population. The question presented could never arise, even under the provision, where the municipal wards adopted were five in number as each of the five board members must reside in one of the five wards. The problem presented can only occur where the municipal wards adopted under the provision are four in number. Under such a scheme it becomes possible for each ward to be represented and yet there still be a vacancy on the board. It becomes possible, of course, only if one assumes that in a four ward district the outlying area may be disregarded as an election district and the fifth member of the board elected to serve at large. Neither the law applicable before its most recent amendment nor the law as it is presently constituted supports such an interpretation. As previously noted, 70 O.S. 5-107A [70-5-107A](D) (1) permitted certain described school districts to "adopt such wards and outlying area in lieu of the districts hereinbefore mentioned; . . . ." The districts referenced relate to five more or less evenly apportioned representation districts. The option provided in the last sentence of 70 O.S. 5-107A [70-5-107A](D)(1) is intended to permit the substitution of municipal wards where those wards as described necessarily approximate the five representation districts otherwise required by the statute. It would be inappropriate to suggest any interpretation of the statute which leave a segment of the school district electorate unrepresented by the plain language of the statute. Further evidence of the legislative intent to constitute the outlying area as a representation district is to be found in 70 O.S. 5-107A [70-5-107A](D)(2) (1978) which stated: "One member of the board of education shall be elected by the electors of the school district to represent such district. If during the term of office to which he was elected, a member shall cease to be a resident of such district for which he was elected, his office shall become vacant and such vacancy shall be filled as provided in 70 O.S. 5-112 [70-5-112]." (Emphasis added) Any confusion which may have arisen by reason of a failure to expressly indicate a legislative mandate for treatment of the outlying area as a representation district has been effectively resolved by the new amended provisions of 70 O.S. 5-107A [70-5-107A], Laws 1979, c. 225, effective October 1, 1979. The new language, now codified as 70 O.S. 5-107A [70-5-107A](C), 70 O.S. 5-107A [70-5-107A](1) and 70 O.S. 5-107A [70-5-107A](2) (1971), states: "C. In all school districts having one Thousand (1,000) or more students in daily attendance, the members of the board of education shall be elected as follows: "1. On or before September 30 of each year following the year of the Federal Decennial Census, it shall be the duty of the board of education to divide the territory of the school district into five (5) election districts. Such election districts shall be as equal in population as may be practicable with no more than a ten percent (10%) variance between the most populous and least populous election districts. In making such division the board shall use the population reports of the United States Bureau of Census, and may use utility records, school membership records and any other current data which is competent to aid in determining the population of the school district and the location of such population, but shall not use voter registration records. Provided that if there is located in an independent school district a city having four or more wards and an outlying area, and such outlying area comprises no more than seven percent (7%) of the population of such independent school district, then such independent school district may adopt such wards and outlying area in lieu of the election districts hereinbefore mentioned, and at least one member of the board of education of such independent school district shall be a member of each ward. "2. One member of the board of education shall be elected by the electors of the school district to represent each such election district. If during the term of office to which he was elected a member shall cease to be a resident of such election office shall become vacant and such vacancy shall be filled as provided in 70 O.S. 5-112 [70-5-112]." (Emphasis added) By consistent reference to "election districts" the Legislature eliminated any possibility of an interpretation which would permit a school district adopting a four ward municipal district system to do so without treating the outlying area as an election district. Thus viewed, the law only permits the outlying area to be disregarded as an election district when the municipal ward system adopted consists of five wards. Given the foregoing legislative design, it is not legally possible for there to arise a situation were a vacancy exists on the board without there also being a vacancy in one of the various election districts. It is, therefore, the official opinion of the Attorney General that your question be answered in the following manner. The law requires that each member of a school board, no matter which legislative plan of election is applicable, must be the representative of an election district of which such member is a resident. Should a vacancy occur on the board, any candidate for appointment or election to the vacant board position must meet both school district and election district residency requirements. (JOHN F. PERCIVAL) (ksg)